UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    <u>For Online Publication Only</u>
-----------------------------------------------------------------X
JEFFREY SCOTT ROTH,

               Plaintiff,

         -against-                    **<u>MEMORANDUM AND ORDER</u>**
                                       16-CV-5711 (JMA)
COMMISSIONER of the SOCIAL SECURITY
ADMINISTRATION,

               Defendant.
-----------------------------------------------------------------X
**APPEARANCES:**

    Stacey R. Guzman
    Stanton, Guzman, & Miller LLP
    820 Hempstead Turnpike
    Franklin Square, NY 11010
        *Attorney for Plaintiff*

    Candace Scott Appleton, Assistant United States Attorney
    Richard P. Donoghue, United States Attorney
    Eastern District of New York
    271 Cadman Plaza East, 7th Floor
    Brooklyn, NY 11201
        *Attorneys for Defendant*

**AZRACK, United States District Judge:**

    Jeffrey Scott Roth ("Plaintiff") brings this action seeking review of the final determination by the Commissioner of Social Security ("Defendant"), reached after a hearing before an administrative law judge ("ALJ"), denying Plaintiff disability insurance benefits under the Social Security Act. The case is before the Court on the parties' cross-motions for judgment on the pleadings. Because the ALJ's decision was supported by substantial evidence and applied the proper legal standards, Plaintiff's motion for judgment on the pleadings is DENIED, and Defendant's cross-motion is GRANTED.

# I.  BACKGROUND

Plaintiff suffers from depression and anxiety.  The ALJ found that Plaintiff is not disabled and retains sufficient residual functional capacity to perform simple, routine repetitive tasks, low stress jobs (which means no work at a fixed production rate pace) with work that is checked at the end of the workday or workweek rather than hourly or throughout the day.  The ALJ also found that Plaintiff can have occasional contact with co-workers and supervisors and no contact with members of the public.  (Administrative Transcript ("Tr.") 15.)  Upon a review of the record, the ALJ gave great weight to the opinion of Plaintiff's psychiatrist, Dr. Asma Ejaz, significant weight to the opinion of Dr. Paul Herman, who performed a consultative psychiatric examination of Plaintiff, limited weight to the opinion of Plaintiff's treating therapist, Ms. Martine Laventure, and no weight to the opinion of Dr. Linell Skeene, who performed a consultative internal medicine evaluation of Plaintiff.  (Tr. 17-18.)

On appeal, Plaintiff argues that the ALJ erred in two ways: (1) the ALJ failed to properly evaluate the medical evidence from Plaintiff's treating physician; and (2) the ALJ's decision is not supported by substantial evidence.

## A.  Medical Evidence

Regarding the ALJ's review of the medical evidence, Plaintiff first argues that the ALJ erred when she afforded only "limited weight" to Plaintiff's treating therapist, Ms. Laventure, and that the ALJ failed to describe the factors she considered when making that determination.  (Pl.'s Br. 9.)  Next, he argues that the ALJ failed to consider the opinion of Dr. Ejaz, Plaintiff's psychiatrist, "as a whole."  (Id.)  Lastly, Plaintiff contends that the ALJ had an obligation to seek more information after finding Ms. Laventure's opinion was partially inconsistent with the record.  (Id. at 10.)

2

As an initial matter, Ms. Laventure is Plaintiff's therapist—not an "acceptable medical source" as defined by the applicable regulations—and therefore the treating physician rule does not apply to her opinions. See Social Security Ruling (SSR) 06-3p (categorizing therapists as "other medical sources" distinct from "acceptable medical sources") (rescinded as of March 27, 2017)[1]. Even if the treating physician rule did apply, the ALJ is not required to engage in a "slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear." Atwater v. Astrue, 512 F. App'x 67, 70 (2d Cir. 2013) (citing Halloran v. Barnhart, 362 F.3d 28, 31–32 (2d Cir. 2004)). Here, the ALJ adequately described her reasons for determining that Ms. Laventure's opinion was only entitled to limited weight, and as discussed more fully below, there was substantial evidence in the record justifying that decision, including testimony concerning Plaintiff's daily activities, the opinions of Drs. Ejaz and Herman, and Ms. Laventure's own treatment records, which indicated only mild to moderate limitations. (See Tr. 251, 270, 276, 310.)

Plaintiff's argument that the ALJ failed to consider Dr. Ejaz's medical opinion "as a whole" is similarly unpersuasive. For example, Plaintiff argues that Dr. Ejaz concluded that Plaintiff is "unable to obtain employment because he does not leave his house due to the fears that he will not get a job, and for fear that someone will try and harm him." (Pl.'s Br. 9). Dr. Ejaz, however, merely noted that Plaintiff "displays symptoms of anxiety and depression that *at times* prevent[] him from leaving his house." (Tr. 265.) (emphasis added). She did not opine that Plaintiff was categorically unable to obtain employment for that reason, and her statement that, "at times,"

---

[1] In 2017, new SSA regulations came into effect. The newest regulations apply only to claims filed with the SSA on or after March 27, 2017. Accordingly, because Plaintiff's claim was filed in 2013, the Court applies the regulations that were in effect at the time of filing. See, e.g., Ogirri v. Berryhill., No. 16-CV-9143, 2018 WL 1115221, at *6 n.7 (S.D.N.Y. Feb. 28, 2018) (noting 2017 amendments to regulations but reviewing ALJ's decision under prior versions); Rousey v. Comm'r of Social Sec., No. 16–CV–9500, 2018 WL 377364, at *8 n.8 & *12 n. 10 (S.D.N.Y. Jan. 11, 2018) (same).

Plaintiff's condition prevented him from leaving the house was consistent with the ALJ's RFC determination. Notably, Dr. Ejaz never quantified the term "at times" in such a manner to indicate that this occurred so frequently that it would prevent Plaintiff from working. Similarly, Dr. Ejaz's statement that Plaintiff's anxiety prevents him from "having proper interactions in the community," (Tr. 270) was also consistent with the ALJ's RFC determination, which precluded Plaintiff from interacting with the public and limited his interaction with co-workers. In fact, in the very next sentence of that report, Dr. Ejaz states, "[h]owever, client does display the ability to follow instructions," (id.), indicating that Plaintiff can maintain a low stress job that does not require interaction with the public, as determined by the ALJ.

Lastly, Plaintiff's assertion that the ALJ was required to "affirmatively seek out more information," (Pl.'s Br. 10), is incorrect. That requirement only applies where the record is inadequate or incomplete such that the ALJ cannot make a determination—not where one of the opinions is somewhat contradicted by the rest of the record. See Cichocki v. Astrue, 534 F. App'x 71, 77 (2d Cir. 2013) ("[B]ecause substantial evidence, including [plaintiff's] own work history, supported his determination, the ALJ was not under a duty to further develop the record."); c.f. Calzada v. Asture, 753 F. Supp. 2d 250, 277 (S.D.N.Y. 2010) ("If the ALJ is not able to fully credit a treating physician's opinion because the medical records from the physician are incomplete or do not contain detailed support for the opinions expressed, the ALJ is obligated to request such missing information from the physician.").

**B.  Substantial Evidence**

Plaintiff argues that neither the ALJ's finding that Plaintiff's condition does not meet the criteria for listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1") nor the ALJ's residual functioning capacity ("RFC") determination were supported by substantial

evidence in the record.  Specifically, Plaintiff claims that he meets the criteria for Paragraph B of listed impairments 12.04 and 12.06 and that the ALJ's conclusion that Plaintiff's testimony on this point was not entirely credible was not supported by the evidence in the record.  Plaintiff also argues that the ALJ's RFC determination "relied on . . . distorted interpretations of the reports offered by Dr. Ejaz and Ms. Laventure."  (Pl.'s Br. 13.)  Finally, Plaintiff asserts that the ALJ should have credited Ms. Laventure's November 26, 2014 report in which she notes "marked impairments" in "relating to co-workers, dealing with the public, interacting with supervisors, and dealing with work stress," (Tr. 309), instead of Dr. Herman's report because Dr. Herman, a consultative psychologist,  only examined Plaintiff once.  (Pl.'s Br. 13.)

The claimant has the burden of proving that he is per se disabled because he meets the criteria for an impairment listed in Appendix 1.  See Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) ("The applicant bears the burden of proof in the first four steps of the sequential inquiry; the Commissioner bears the burden in the last".)  Although Plaintiff claims that his condition meets or equals Paragraph B, he does not identify which two criteria listed in Paragraph B he claims to meet.  He mentions the marked impairments in certain social interactions and that "when he has a panic attack . . . he is unable to leave his home for at least 1-2 days."  (Pl.'s Br. 12.)  Based on these references, the Court assumes that Plaintiff is claiming that he has marked impairments in daily activities and repeated episodes of decompensation for extended durations, but neither the record nor Plaintiff's own testimony supports this conclusion.

The ALJ properly gave limited weight to Ms. Laventure's conclusion that Plaintiff had marked impairments in "relating to co-workers, dealing with the public, interactive with supervisors, and dealing with work stress" because it conflicted with other evidence in the record as well as her own treatment notes.  (See, e.g., Tr. 314-315 (Ms. Laventure encouraged Plaintiff to

seek employment through a temp agency a few weeks after her November 2014 report indicating her belief that he was able to work).)  Both Dr. Ejaz and Dr. Herman noted that Plaintiff had only mild to moderate impairments with respect to social interactions and ability to deal with stress and that those limitations were not significant enough to interfere with his ability to function on a daily basis.  (See Tr. 251, 270, 276.)

To the extent Plaintiff challenges the ALJ's determination that Plaintiff's testimony was not entirely credible, this claim is meritless.  Plaintiff concedes, "[e]valuating the credibility of witnesses, including the claimant, is admittedly the function of the ALJ, not of the reviewing court." (Pl.'s Br. 12.)  Even assuming that Plaintiff's testimony regarding his panic attacks was entirely credible, none of the panic attacks were of an extended duration and fail to meet the criteria in Paragraph B.  Accordingly, the ALJ's determination that Plaintiff's condition does not meet any of the listed impairments in Appendix 1 was supported by substantial evidence.

The ALJ's RFC determination is similarly supported by substantial evidence for much of the same reasons explained above.  Dr. Ejaz and Dr. Herman both noted that Plaintiff was able to understand and follow instructions, (see Tr. 270, 275), and even Ms. Laventure noted that Plaintiff's ability to "[u]nderstand, remember, and carry out complex job instructions" was "fair" as was his ability to "[m]aintain personal appearance," "[b]ehave in an emotionally stable manner," "[d]emosntrate reliability," and "[m]aintain schedules in daily routine." (Tr. 310.)  These assessments, coupled with Plaintiff's own testimony about his ability to go grocery shopping, drive a car, perform household chores, socialize with friends and family, and to complete home improvement projects, support the ALJ's RFC determination.  (See Tr. 37-39.)  And, as explained, above, the ALJ's RFC determination was consistent with Dr. Ejaz's opinion that Plaintiff "displays symptoms of anxiety and depression that *at times* prevent him from leaving his house," (Tr. 265)

(emphasis added), and her opinion that Plaintiff's anxiety prevents him from "having proper interactions in the community," (Tr. 270).

Accordingly, the ALJ's RFC finding was supported by substantial evidence in the record. Finally, the Court has considered all of Plaintiff's remaining arguments and finds them all to be meritless.

## II.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is DENIED and Defendant's cross-motion for judgment on the pleadings is GRANTED.  The Clerk of Court is directed to enter judgment in favor of Defendant and close the case.

**SO ORDERED.**

Date:   August 30, 2018                              _____/s/ (JMA)_____
        Central Islip, New York              JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE